# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CHRISTINA JARMAN | ) | |
| Plaintiff | ) | |
| | ) | |
| VS. | ) | Case No. 6:26-cv-3090 |
| | ) | |
| ALDI INC. | ) | |
| Defendant | ) | JURY TRIAL DEMANDED |

## COMPLAINT

PLAINTIFF, by counsel, sets forth her Complaint against the Defendant as follows:

1. The events giving rise to this action occurred in Greene County, Missouri.

2. Defendant is an Illinois corporation doing business in Greene County, Missouri.

3. Plaintiff was an employee of Defendant in Springfield, Missouri between May 2007 and November 2025.

4. Prior to October 27, 2025 Plaintiff worked an average of 32 hours per week for Defendant.

5. On or about October 27, 2025 Defendant reduced Plaintiff's weekly hours from 32 to 24 hours per week.

6. Defendant terminated Plaintiff's employment on or about November 4, 2025.

7. Defendant's stated reason for the termination of Plaintiff's employment was that Plaintiff had made a racist comment in December 2024.

8. Plaintiff did not make a racist comment in or about December 2024.

9. Defendant did not write up or otherwise discipline for the alleged racist comment in or about December 2024.

10. On November 14, 2025 Plaintiff filed a charge of discrimination with the EEOC. A true and accurate copy is attached hereto as Exhibit 1 and is incorporated herein by reference.

## Count I – Workers' Compensation Retaliation

11. Plaintiff incorporates by reference the above paragraphs.

12. This count is brought pursuant to RSMo § 287.780.

13. In February 2023 Plaintiff suffered a work-related injury due to the cumulative effects of lifting and carrying heavy inventory.

14. During 2023 Plaintiff filed a claim for Workers' Compensation arising from her work-related injury.

15. Plaintiff reported to Defendant that she had suffered the aforesaid work-related injury.

16. Plaintiff sought medical treatment for her work-related injury.

17. Plaintiff took approved leave from work due to her work-related injury.

18. Defendant terminated Plaintiff's employment because Plaintiff exercised one or more of the aforesaid rights under the Workers' Compensation Law.

19. As a result of Defendant's actions Plaintiff has been damaged.

20. Defendant knew that its actions were unlawful and acted with reckless indifference or evil motive in terminating Plaintiff.

## Count II – Age Discrimination

21. Plaintiff incorporates by reference the above paragraphs.

22. This count is brought pursuant to the Age Discrimination in Employment Act.

23. Plaintiff was 52 years old on the date Defendant terminated her employment.

24. Defendant knew Plaintiff's age at the time of her termination.

25. Defendant has contended in Plaintiff's Workers' Compensation claim that Plaintiff was injured due to her age.

26. Defendant terminated Plaintiff because of Plaintiff's age.

27. As a result of Defendant's actions Plaintiff has been damaged.

28. Defendant knew that its actions were unlawful and acted with reckless indifference or evil motive in terminating Plaintiff.

## Count III – Disability Discrimination

29. Plaintiff incorporates by reference the above paragraphs.

30. This count is brought pursuant to the Americans with Disabilities Act.

31. As a result of Plaintiff's work-related injuries Plaintiff incurred limitations on her ability to lift and carry heavy objects.

32. Said limitations constituted a "disability" as that term is defined under the ADA and MHRA.

33. Despite Plaintiff's limitations Plaintiff was able to perform the essential functions of her job with reasonable accommodation.

34. During 2023. 2024 and 2025 Defendant agreed to accommodate Plaintiff's disabilities by exempting Plaintiff from lifting over 15 pounds and allowing Plaintiff to rotate job duties between stocking inventory and cashiering.

35. Defendant terminated Plaintiff's employment because of Plaintiff's disabilities.

36. As a result of Defendant's actions Plaintiff has been damaged.

37. Defendant knew that its actions were unlawful and acted with reckless indifference or evil motive in terminating Plaintiff.

### Count IV – ADA Retaliation

38. Plaintiff incorporates by reference the above paragraphs.

39. This count is brought pursuant to the Americans with Disabilities Act.

40. Following Defendant's reduction of Plaintiff's hours Plaintiff complained to Defendant's assistant store manager that Plaintiff believed that the reduction of hours was targeted against Plaintiff because of Plaintiff's disabilities.

41. Plaintiff further complained to Defendant's Human Resources representative that Plaintiff believed the reduction in hours was targeted against Plaintiff because of Plaintiff's disabilities.

42. Defendant terminated Plaintiff's employment in retaliation for Plaintiff complaining of unlawful discrimination against Plaintiff due to Plaintiff's disability.

43. As a result of Defendant's actions Plaintiff has been damaged.

44. Defendant knew that its actions were unlawful and acted with reckless indifference or evil motive in terminating Plaintiff.

### Prayer for Relief

WHEREFORE Plaintiff prays the Court for judgment against Defendant for Plaintiff's damages, including back and front pay, emotional distress, punitive damages, attorney fees, costs, and such other relief as is just and lawful.

LAMPERT LAW OFFICE, LLC

By: ./s/ Raymond Lampert_____
        Raymond Lampert, #57567
        1531 E. Bradford Pkwy, Ste 200
        Springfield, MO 65804
        Phone: (417) 886-3330
        Fax: (417) 886-8186
        ray@lampertlaw.net
        *Attorney for Plaintiff*